UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Willowood Care Center of Brunswick, Inc., dba Willowood Care Center | ) ) ) | CASE NO. 1:09 CV 2782 |
| Plaintiff, | ) ) | JUDGE PATRICIA A. GAUGHAN |
| vs. | ) ) | |
| Shaun Donovan, in his official capacity as Secretary of the United States Department of Housing and Urban Development | ) ) ) ) ) | **Memorandum of Opinion and Order** |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon defendant's Motion for Summary Judgment (Doc. 34). This is a breach of contract case. For the following reasons, defendant's motion is GRANTED.

**FACTS**

Plaintiff, Willowood Care Center of Brunswick, Inc., dba Willowood Care Center, brings this action against defendant, Shaun Donovan, in his official capacity as Secretary of the United

1

States Department of Housing and Urban Development, alleging that defendant breached the covenant of good faith and fair dealing implied in the Regulatory Agreement for Multifamily Housing Projects by denying plaintiff's request for reimbursement from its Reserve Fund.

Plaintiff is a skilled nursing and rehabilitation center which participates in the Medicare and Medicaid programs as a skilled nursing facility.  Since 1994, plaintiff has entered into several Regulatory Agreements for Multifamily Housing Projects with defendant.  On March 27, 2007, the parties entered into the most recent Regulatory Agreement for Multifamily Housing Projects (hereinafter "the Agreement").  Under the Agreement, HUD guaranteed plaintiff's mortgage with Red Mortgage Capital, Inc. on its facility.  Pursuant to the terms of the Agreement, plaintiff was required to maintain a Reserve Fund, the purpose of which is to provide funds that the owner of the facility can use for the repair or replacement of the structure and its mechanical elements.  Per the Agreement, plaintiff paid $4547.17 per month into the Reserve Fund.  Under all of the previous agreements, plaintiff was also required to maintain a Reserve Fund by paying the same monthly amount.  The Agreement provides:

> Disbursements from [the Reserve Fund], whether for the purpose of effecting replacements of structural elements and mechanical equipment of the project or for any other purpose, may be made only after receiving the consent in writing of the Secretary.

The Agreement does not provide that any minimum balance needs to be maintained in the Reserve Fund.  The parties agree, however, that defendant previously set a minimum Reserve Fund balance of $40,000.[1]  Plaintiff states that this minimum was set in 1994.

---

[1] Paragraph 18 of defendant's Answer admits that the minimum balance for the Reserve Fund was $40,000 in the past, although he argues in his brief that plaintiff never provided any documentation showing the minimum balance requirement was $40,000.

The parties also agree that HUD Handbook 4350.1 strongly recommends, but does not mandate, a minimum balance in the Reserve Fund. The Handbook states that the recommended minimum balance is the greater of 144 times the established monthly deposit, or $1000 per unit.[2]

HUD inspected the facility in March 2009 and informed plaintiff that it needed to make certain capital improvements. Plaintiff made the improvements, relying upon the availability of the Reserve Fund to pay the cost of the improvements. On June 3, 2009, plaintiff applied to HUD for a release from the Reserve Fund of $17,552.95 to cover expenses for which reimbursement by HUD was previously denied, and of $36,140 and $7383.54 to cover the costs of the new improvements.

On June 30, 2009, a HUD financial analyst rejected the request for reimbursement of the $36,140 but allowed the requests for $17,552.95 and $7383.54 pending receipt of a mortgagor certification.[3] The letter addressing the requests explained that the previous request for reimbursement of the $17,552.95 had been rejected because HUD had a practice of requiring a minimum balance of $100,000 for facilities with 100 beds, like plaintiff, and allowing plaintiff's request would have caused the balance in the Reserve Fund to fall below $100,000. The letter went on to explain that a new HUD division had recently been formed, the Office of Insured Health Care Facilities (hereinafter "OIHCF"), and that the OIHCF had a new practice of requiring a minimum balance of $1000 per unit, instead of per bed. As plaintiff is a 69-unit

---

[2] Defendant contends that the minimum balance should be $69,000 based on this provision in the Handbook. Neither party addresses the applicability of 144 times the monthly deposit amount.

[3] Plaintiff states that the $17,552.95 was denied again, for being over a year old and thus untimely, when plaintiff resubmitted it.

3

facility, the new minimum Reserve Fund balance required was $69,000.  Plaintiff's Reserve Fund balance at the time of the June 3 request was $92,802.80.  Thus, the letter explained, the two smaller requests could be approved but the $36,140 request was returned because allowing it "would drastically reduce this account below the minimum required."  Plaintiff was given no notice of the change in the required minimum balance for the Reserve Fund.

On October 12, 2009, plaintiff again submitted a reimbursement request for $57,886.12, and was denied reimbursement on October 15, 2009 because the Reserve Fund balance would have dropped below $69,000.  At that time the Reserve Fund balance was $86,118.53.  On December 3, 2009, plaintiff submitted a reimbursement request for $18,028, which was approved.

The complaint contains one remaining claim for relief.[4]  Count one is a breach of contract claim alleging that defendant breached the covenant of good faith and fair dealing implied in the Regulatory Agreement by denying plaintiff's requests for reimbursement in contravention of established HUD policy, and that defendant acted arbitrarily and capriciously and abused his discretion.

Defendant now moves for summary judgment.  Plaintiff opposes the motion.

**STANDARD OF REVIEW**

Although defendant's motion is captioned as one for summary judgment, defendant first argues that plaintiff's complaint fails to state a claim upon which relief may be granted. Accordingly, the Court will construe defendant's motion as a motion for judgment on the

---

[4] Plaintiff's Administrative Procedure Act claim was dismissed on October 18, 2010 (Doc. 30).

4

pleadings pursuant to Fed. R. Civ. P. 12(c).[5] The standard for judgment on the pleadings for failure to state a claim is the same as the standard for a motion to dismiss for failure to state a claim.

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* No. 08-3767, 2009 WL 1884445, at *1 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* No. 08-5013, 2009 WL 1505256, at *3 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc*., 123 F.3d 394, 400 (6th Cir. 1997)). "To survive a Rule 12(b)(6) motion, the nonmoving party must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *ABS Industries, Inc. ex rel. ABS Litigation Trust v. Fifth Third Bank,* Nos. 08-3822 and 08-3823, 2009 WL 1811915, at *3 (6th Cir. June 25, 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))).

**ANALYSIS**

---

[5] Defendant properly asserted failure to state a claim as a defense in his answer (Doc. 14). While a party would typically raise this defense by motion pursuant to Fed. R. Civ. P. 12(b)(6), the defense is not waived if properly asserted in a responsive pleading, even if the party previously moved to dismiss the claim under a different 12(b) defense. Fed. R. Civ. P. 12(h)(2).

Defendant argues that plaintiff does not state a claim for breach of the implied covenant of good faith and fair dealing because plaintiff does not allege any specific acts of bad faith or that defendant had any intent to injure plaintiff.  Defendant argues that at most, plaintiff alleges that defendant violated HUD's internal policy guidelines, but that such an allegation is not sufficient to state a claim when plaintiff has not alleged the reimbursement denials at issue were motivated by malice, retaliation, or any specific intent to injure plaintiff.

Plaintiff responds that the implied obligation to deal in good faith attaches to specific substantive contractual obligations.  Plaintiff argues that it can overcome the presumption of good faith if it alleges and proves that defendant did anything that has the effect of injuring its right to receive fruits of the contract, such that defendant "did not act faithfully and consistently with the justified expectations of plaintiff."

Upon review, the Court finds that plaintiff does not state a claim for breach of the implied covenant of good faith and fair dealing.  Every contract contains an implied covenant of good faith and fair dealing.  *Chambery v. United States,* 54 Fed. Cl. 2, 7 (2002) (addressing the implied covenant of good faith and fair dealing in a HUD Regulatory Agreement).  Government officials are presumed to act conscientiously and in good faith when performing their duties.  *Id.* (citing *Libertatia Assocs., Inc. v. United States,* 46 Fed. Cl. 702, 706-707 (2000)).  To overcome this presumption, a plaintiff "must allege and irrefragably prove, by clear and strong evidence, specific acts of bad faith on the part of the government that establish some specific intent to injure the plaintiff."  *Id.* at 7-8.  Allegations of bad faith "are comparable to actions that are motivated by malice alone."  *Id.* at 8 (citing *Holt v. United States,* 1980 U.S. Ct. Cl. LEXIS 1151, *22 (Ct. Cl. 1980)).

6

Plaintiff's substantive breach of contract allegations are as follows:

> 28. Defendants breached the covenant of good faith and fair dealing implied in [sic] Regulatory Agreement for Multifamily Housing Projects by denying Plaintiff's request for release of funds from the Reserve Fund.
>
> 29. Defendants further breached the Agreement with Plaintiff when Defendants failed to follow established HUD policy regarding the maintenance of Reserve Funds.
>
> 30. By denying Plaintiff's requests for reimbursements in contravention of established HUD policy, Defendants acted arbitrarily and capriciously and abused its [sic] discretion.

(Complaint at ¶¶ 28-30.) Plaintiff does not allege that defendant committed any specific acts of bad faith with intent to injure plaintiff. The complaint states that the actions taken by the HUD financial analyst, denying plaintiff's requests for reimbursement from the Reserve Fund, were taken because granting the requests would reduce the balance in the Reserve Fund to below HUD's minimum required balance of $69,000. (Complaint at ¶¶ 16-20.) Plaintiff's allegations do not even give rise to an inference of malice or specific intent to injure. At most, reading all allegations of the complaint broadly, plaintiff alleges that defendant failed to follow HUD's policies in denying plaintiff's reimbursement requests. Such a claim, without any allegation of malice or specific intent to injure, does not overcome the presumption that defendant acted in good faith. Accordingly, defendant's motion is granted.[6]

---

[6] As plaintiff's complaint fails to state a claim upon which relief may be granted, the Court declines to address the parties' remaining arguments.

**CONCLUSION**

For the foregoing reasons, defendant's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

                                          /s/ Patricia A. Gaughan
                                          PATRICIA A. GAUGHAN
                                          United States District Judge

Dated: 5/31/11